UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILBERT HATCHER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>J.D. DONAHUE, Commissioner, )<br>INDIANA PAROLE BOARD, )<br>)<br>Respondents. ) | No. 1:06-cv-712-SEB-VSS |

**E N T R Y**

**I.**

Although the petitioner's supplement filed on June 23, 2006, was not timely in relation to the June 8, 2006, deadline established in the Entry of May 11, 2006, that supplement has been considered.

**II.**

What the petitioner's supplement confirms, however, is that he has not previously presented the claim(s) in his habeas petition to any state court. There is no clear indication that he would be procedurally unable to do so.

A habeas petitioner such as Hatcher must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. It was recently noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 124 S. Ct. 1347, 1349 ( 2004).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which this purpose can be recognized is to dismiss Hatcher's petition in this court and permit him to proceed, if he elects to do so, in the Indiana state courts.

Because Hatcher is not entitled to the relief he seeks at this time and in this forum, the action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* The dismissal shall be without prejudice.

Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 06/29/2006

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana